UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.       )<br>)   Case No.2:23-mj-21-1<br>MARIA CONSTANTE-ZAMORA, )<br>        Defendant.    ) | |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. Eligibility for Detention.  This defendant is eligible for detention because the case involves a serious risk that the defendant will flee.  18 U.S.C. § 3142(f)(2)(A).  The defendant is a citizen of Ecuador without legal status in the United States.  She purports to be a resident of Danbury, Connecticut with no demonstrable ties to Vermont.  It appears the defendant was previously ordered removed on or about May 4, 2020, but the defendant does not appear to have been removed or to have departed voluntarily order.  After searching Department of Homeland Security databases, Border Patrol was unable to locate any pending immigration petitions for the defendant in which she is seeking legal status or relief from removal.  If the defendant were to be released in this case, she likely would be processed by immigration authorities for removal to Ecuador.  If, however, the defendant were to be released in by immigration authorities, the defendant would be a risk of nonappearance for future hearings and may not comply with conditions of supervision in order to avoid further apprehension and deportation.

2. Factors for Detention.  The factors in § 3142(g) favor detention.  The defendant was apprehended near the Canadian border while attempting to pick up and transport three aliens who

had entered the United States illegally.  The aliens were located by Border Patrol agents in the same location where an agent had just witnessed the defendant's vehicle stop.  One of those aliens collapsed and perished.  The defendant admitted she had been paid to pick up individuals and transport them out of the state, but she claimed she was looking for a hotel at which she was going to pick them up.  Given the remote location of the pickup and the surrounding circumstances, however, the evidence readily supports the conclusion that she was present in Vermont for the smuggling event and that she knew or recklessly disregarded their status as aliens.  While she does not presently appear to have any criminal convictions, she has been ordered removed from the United States.  She has no connections to this district, and this event demonstrates she has contact with individuals, or an organization, that can smuggle individuals into and readily transport individuals within the United States.  Because no conditions can be set to ensure her appearance in this district, the defendant should be detained pending trial.

      3. <u>Time for Detention Hearing</u>.  The United States requests the Court conduct the detention hearing at the time of the initial appearance.

      Dated at Burlington, in the District of Vermont, February 21, 2023.

      Respectfully submitted,

      UNITED STATES OF AMERICA

      NIKOLAS P. KEREST
      United States Attorney

By:    <u>/s/ Matthew J. Lasher</u>
      Matthew J. Lasher
      Assistant U.S. Attorney
      P.O. Box 570
      Burlington, VT 05402-0570
      (802) 951-6725
      matthew.lasher@usdoj.gov